IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 NOV 17 A 8 34

CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| TONY CARTER GREEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 106-164 |
| ) | |
| DANNY THOMPSON, Warden, and ) | |
| WILLIAM TERRY, ) | |
| ) | |
| Respondents. ) | |

___

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

___

Petitioner Tony Carter Green brings the above-styled petition for a writ of habeas corpus against Respondents, Danny Thompson and William Terry, pursuant to 28 U.S.C. § 2254. Petitioner has also filed a motion to proceed *in forma pauperis* ("IFP"). Petitioner's § 2254 petition is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons set forth below, the Court **REPORTS** and

___

[1] Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed,

**RECOMMENDS** that (1) Petitioner's IFP motion be **DENIED** as **MOOT**, (2) this case be **DISMISSED**, and (3) this civil action be **CLOSED**.

## I. BACKGROUND

According to the petition, a jury in Richmond County, Georgia, found Petitioner guilty of aggravated assault, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon in February 1999. The Richmond County Superior Court subsequently sentenced Petitioner to 25 years' imprisonment. (Doc. no. 1, pp. 2-3). Petitioner challenges the constitutionality of his state court convictions on the ground that his trial and appellate counsel were ineffective, while also arguing that the state habeas court erred in not holding an evidentiary hearing and the state habeas court judge was biased. (Id. at 6).

Although Petitioner lists in the instant § 2254 petition the fact that he has filed a state habeas action with respect to his convictions and sentences, he failed to note that he has previously filed a § 2254 petition in this Court on January 23, 2003. (See id. at 3-4; Green v. Chatman, CV 103-016, doc. no. 1 (S.D. Ga. Jan. 23, 2003)). The Honorable Dudley H. Bowen, Jr., United States District Judge, however, denied the petition because Petitioner's stated grounds for relief were either not properly before the Court or were without merit. (Green, CV 103-016, doc. nos. 11, 14). Thereafter, the Court denied Petitioner's request for reconsideration, and the Eleventh Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. (Id. at doc. nos. 18, 24).

---

the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

2

## II. DISCUSSION

Regardless of Petitioner's claims, his habeas petition is, in fact, an improper second or successive habeas petition. As noted above, Petitioner has already sought federal habeas relief, which was denied. The relevant portion of the statute governing second or successive habeas corpus applications states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[2]

Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d

---

[2] Section 2244 is applicable to § 2254 applications by virtue of the following provisions of § 2244:

(b)(1) A claim presented in a second or successive habeas corpus application *under section 2254* that was presented in a prior application shall be dismissed.
(2) A claim presented in a second or successive habeas corpus application *under section 2254* that was not presented in a prior application shall be dismissed unless–

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b) (emphasis added).

3

1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997) (*per curiam*). The record in the instant case indicates that the Eleventh Circuit has not granted Petitioner authorization to file a second or successive § 2254 petition. Therefore, without authorization from the Eleventh Circuit Court of Appeals, this Court lacks jurisdiction to consider Petitioner's claims.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court **FINDS** that Petitioner has filed a second or successive application for a writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Accordingly, the Court **REPORTS** and **RECOMMENDS** that (1) Petitioner's IFP motion be **DENIED** as **MOOT**, (2) this case be **DISMISSED**, and (3) this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 17th day of November, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4